IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID STILL, | § | |
| | § | No. 353, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N25A-06-002 |
| WAYFAIR INC.,[1] | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: February 13, 2026
Decided:    April 14, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

(1)     This action arises from appellant David Still's purchase of a sofa for approximately $1,800 through Wayfair, LLC's website in 2024.  After the sofa was delivered, Still was dissatisfied with the firmness of the sofa cushions.  Wayfair offered Still a partial refund of $300, suggesting that Still could obtain replacement cushions from an alternative source.  Still rejected that proposal.  Wayfair later refunded the full purchase price and attempted to schedule a return of the sofa.  Still refused to schedule the pick up, retaining possession of the refund and the sofa.

---

[1] The appellee contends, and the appellant concedes, that Wayfair Inc. is not the correct party and that the correct appellee is Wayfair, LLC.  We have retained the caption that is consistent with the Superior Court record and the notice of appeal.

(2) In November 2024, Still filed a ten-count complaint in the Court of Common Pleas alleging that Wayfair's advertising, communications, and refund issuance violated various state and federal statutes and that Wayfair breached the implied warranty of merchantability. On April 11, 2025, the Court of Common Pleas granted Wayfair's motion to dismiss, concluding that the Court of Common Pleas was not the appropriate venue under a forum-selection clause included in Wayfair's terms of use, to which Still agreed when placing his order. The court later denied Still's motion for reargument.

(3) Still appealed to the Superior Court, seeking to proceed *in forma pauperis*. Reviewing Still's claims in accordance with 10 *Del. C.* § 8803(b),[2] the Superior Court dismissed the appeal, holding that the claims were factually and legally frivolous. The Superior Court later denied Still's motion for reargument.[3] Still has appealed to this Court.

(4) On appeal, Still first argues that the Superior Court erred by mischaracterizing his claims as a "'sofa comfort' dispute" and disregarding his allegation that Wayfair's "'browserwrap agreement' and other 'dark patterns'" constituted "manipulative e-commerce designs subverting [Still's] consent" to

---

[2] *See* 10 *Del. C.* § 8803(b) ("Upon establishing the amount of fees and costs to be paid, the court shall review the complaint. Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised. . . .").

[3] *Still v. Wayfair, Inc.*, 2025 WL 1992882 (Del. Super. Ct. July 17, 2025).

Wayfair's terms of use.[4]  More specifically, he contends that Wayfair's use of "browserwrap design," hyperlinks, non-negotiable provisions, and other design features of Wayfair's website rendered the terms of use unenforceable.  This argument does not warrant reversal because the Superior Court's dismissal was not based on the forum-selection clause in the terms of use.

(5)     Second, Still argues that "Delaware public policy, via [the Delaware Consumer Fraud Act, the Delaware Personal Data Protection Act, and the Elder Victims Exploitation Act], safeguards vulnerable consumers, including elders from exploitation," and the Court of Common Pleas and the Superior Court erred by disregarding that public policy.[5]  Like the first, this argument also appears to seek invalidation of the terms of use and therefore does not warrant reversal of the Superior Court's decision.

(6)     Third, Still argues that the Superior Court erred by "deeming Appellant's claims moot while a disputed security deposit and continuing damages remained unresolved."[6]  The Superior Court did not dismiss the appeal on the basis that Still's claims were moot, and this argument therefore is without merit.

(7)     Fourth, Still contends that the Superior Court violated due process by issuing "conflicting dismissal orders," citing a Court of Common Pleas decision that

---

[4] Opening Brief at 7-8, 26-27.
[5] *Id.* at 29-30.
[6] *Id.* at 30.

was "unpublished and inaccessible" and discussing a typo in the case number of that decision, and failing to transfer the case under 10 *Del. C.* § 1902, among numerous other alleged errors.[7]  After careful review, we have not found any due process violations.

(8)  Fifth, Still asserts that the Superior Court erred by "dismissing for improper venue without first adjudicating Appellant's preserved challenges to the arbitration clause's enforceability."[8]  This argument is without merit because the Superior Court did not dismiss based on improper venue.

(9)  Finally, Still argues that the Superior Court erroneously determined that he did not state cognizable causes of action under the Electronic Fund Transfer Act[9] ("EFTA") and the Fair Debt Collection Practices Act[10] ("FDCPA").[11]  After careful consideration, we conclude that Still did not allege a cognizable claim under either statute.  As to the EFTA, Still asserts that the statute "limits consumer liability for unauthorized electronic fund transfers and requires *financial institutions* to investigate and resolve errors;" he claims that the refunds to his account "constitute cognizable EFTA violations."[12]  The EFTA applies to "financial institutions," such as banks and credit unions, that hold "demand deposit, savings deposit, or other asset

---

[7] *Id.* at 32-34.
[8] *Id.* at 35.
[9] 15 U.S.C. § 1693 et seq.
[10] 15 U.S.C. § 1692 et seq.
[11] Opening Brief at 37.
[12] *Id.* at 37-38 (emphasis added).

account[s]."[13] Still has not alleged facts supporting an inference that Wayfair is a financial institution governed by the EFTA.

(10)  As to the FDCPA, Still claims that Wayfair's "assertion of non-existent payment obligations and circular refund credits" violated the statute's prohibitions against "false or deceptive representations in debt collection."[14] The FDCPA applies to a "debt collector," which the statute defines as a person who collects or attempts to collect a debt "owed or due or asserted to be owed or due *another*" or a "creditor who, in the process of collecting his own debts, *uses any name other than his own which would indicate that a third person* is collecting or attempting to collect such debts."[15] The Superior Court has repeatedly held that the term "debt collector" does not include a business that is collecting or attempting to collect a debt on its own behalf.[16] Read in a light most favorable to Still, the complaint alleged that Wayfair engaged in unfair practices when trying to obtain payment on its own behalf.  Still has not shown that his complaint stated a cognizable claim under the FDCPA.

---

[13] *See* 15 U.S.C. § 1693a(2), (9) (defining "account" and "financial institution" as used in the EFTA); *see also, e.g.*, *id.* § 1693f (requiring a "financial institution" to investigate a purported error after notice from the consumer and to correct the error if it did occur); *id.* § 1693g (allocating liability and burden of proof between the consumer and the "financial institution" as to unauthorized transfers involving a consumer's "account").

[14] Opening Brief at 38.

[15] 15 U.S.C. § 1692a(6) (emphasis added).

[16] *See, e.g.*, *Batchelor v. Alexis Props., LLC*, 2018 WL 5919683, at *5-6 (Del. Super. Ct. Nov. 13, 2018) (discussing case law holding that "the term 'debt collector' does not include creditors of the consumer").

NOW, THEREFORE, IT IS ORDERED that judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice